DIXON, Justice.
Appellants were convicted of simple burglary, One Bill of Exceptions was reserved to the refusal of the trial judge to suppress the testimony of Archie Payne. Gibson, Leagea and Payne were accused, in one bill of information, of the November 17, 1967 burglary of Gerard’s Furniture Company. The bill was filed February IS, 1968. The record does not reflect the date of Payne’s arrest. Payne’s trial was severed; he entered a plea of guilty in November of 1968, and was sentenced on a theft charge arising out of the burglary. He remained in jail until this trial, which took place on September 9 and 10 in 1969.
Payne was called as a witness for the State, and testified concerning the appellants’ participation in the burglary. Toward the conclusion of his testimony, as if excusing himself for having implicated these appellants, he said, “Well, when I was interrogated one of the detectives hit me up side my head. I got a cut in the back of my head and I suffer from it sometimes.” Payne could give no other details of the occurrence, except that “at first I wasn’t saying nothing.” He later testified that he implicated these appellants by identifying photographs shown to him by the detectives.
Payne’s questioning by,the district attorney indicated that he had refused to testify against these appellants at some previous date. Pie changed his mind, he said,' be-, cause he was in jail and no one was doing anything for him. Payne’s testimony indicated that not even the district attorney knew whether he would testify against appellants until after .he was on the stand..
*435 Counsel for appellants moved to suppress the entire testimony of Payne on the ground that it was obtained by coercion, and reserved a bill to the court’s adverse ruling.
Appellants argue that Payne’s testimony was illegally obtained, having been coerced by unconstitutional police interrogation, and therefore should be suppressed, since unconstitutionally obtained evidence would be inadmissible.
The only evidence concerning the mistreatment of Payne during interrogation was that noted above. Even assuming the truth of Payne’s statement, it was not error for the trial judge to overrule defendants’ motion to suppress. The record will not support a conclusion that any illegality in Payne’s interrogation caused him to testify, or colored his testimony. Whatever occurred to Payne happened, as nearly as we can determine from the record, at the time of his arrest and initial interrogation. This apparently occurred around February of 1968. The following November Payne pleaded guilty, was sentenced to jail, and was brought from the jail to testify in this case in September of 1969. There is no testimony of any coercion during the period of more than a year and a half from Payne’s arraignment to appellants’ trial. Payne’s testimony was obtained by a simple subpoena and by placing him on the stand. These were means (to use the federal terminology) sufficiently distinguishable from any underlying illegality to be purged of the primary taint.
The bill is without merit.
The convictions and sentences are affirmed.